

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 01, 2021.**

_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-52605-CAG |
| | § | |
| MARY ISABEL GUERRERO, | § | CHAPTER 13 |
| Debtor. | § | |

### ORDER DENYING APPLICATION FOR REIMBURSEMENT OF FEES AND EXPENSES PURSUANT TO 11 U.S.C. §506(B) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016(A) (ECF NO. 37)

Came on for consideration the Application for Reimbursement of Fees and Expenses Pursuant to 11 U.S.C. § 506(b) and Federal Rule of Bankruptcy Procedure 2016(a) (ECF No. 37) ("Fee Application") filed by Covey Financial, LLC as agent and attorney-in-fact for Texas Home Mortgage, Inc. ("Covey Financial"). Mary K. Viegelahn, Chapter 13 Trustee ("Trustee") filed Trustee's Objection to Application for Reimbursement of Fees and Expenses Pursuant to 11 U.S.C. § 506(b) and Federal Rule of Bankruptcy Procedure 2016(a) ("Trustee's Objection") (ECF No. 41). After holding an evidentiary hearing on January 21, 2021, the Court took the Fee Application and Trustee's Objection under advisement. For the reasons stated herein, the Court finds Covey Financial's Fee Application is DENIED.

As an initial matter, the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is referred to this Court pursuant to the Standing Order of Reference in the United States District Court for the Western District of Texas. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (B), in which the bankruptcy court may enter final orders. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

### PROCEDURAL BACKGROUND AND FACTS

On November 4, 2019, Mary Isabel Guerrero ("Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (ECF No. 1). Covey Financial holds a secured real estate lien note against Debtor's homestead located at 645 San Francisco, San Antonio, Texas 78201 (the "Covey Note"). On January 9, 2020, Covey Financial filed proof of claim 8-1 ("Covey Claim") demonstrating its secured claim in the total amount of $18,667.13—including $6,709.96 to cure arrears accrued through the Petition Date. (ECF No. 37, Ex. 2). The Covey Claim includes an attached document titled, "Reservation of Rights Pursuant to 11 U.S.C. § 506(b)," which states:

> The Proof of Claim submitted by Creditor does not include amounts accruing after the filing of the bankruptcy case for interest on the claim, or any reasonable fees, costs or charges provided for under the agreement between the Creditor and the Debtor or State statute under which Creditor's claim arose. Creditor hereby reserves the right to submit such amounts to the Debtor or the Bankruptcy Court and to augment the amounts claimed on the Proof of Claim, consistent with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

(*Id.*). The Covey Note, which was attached to the Covey Claim, provides:

> If this note . . . is collected or enforced through . . . bankruptcy . . . then Maker shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs . . . .

(*Id.*). The Court confirmed Debtor's Chapter 13 Plan ("Plan") on January 27, 2020. The Plan includes the following payments to Covey Financial: (1) pro rata payment at 0% interest to cure arrears of $6,709.96 on the Covey Note; (2) monthly payments of $538.24 at 12.90% interest to

pay down the remaining balance on the Covey Note; and (3) monthly payments of $138.68 at 0% interest for escrow. (ECF No. 20).

### PARTIES' CONTENTIONS

Covey Financial filed its Fee Application on October 29, 2020. The Fee Application requests compensation of $2,602.60 for services rendered in Debtor's bankruptcy case from November 6, 2019 through October 28, 2020. (ECF No. 37). Covey Financial contends it is entitled to fees under 11 U.S.C. § 506(b)[1] and Fed. R. Bankr. P. 2016(a)[2] because Debtor's Schedules value the homestead—the property that secures the Covey Note—at an amount exceeding the balance of the Covey Note. Covey Financial argues it can request reasonable fees and expenses pursuant to § 506(b) because: (1) it is an oversecured creditor; (2) the Covey Note provides Debtor shall pay reasonable attorney's fees and court costs if the note is enforced through bankruptcy; and (3) the Covey Claim includes a reservation of rights to seek attorney's fees and costs under § 506(b).

Trustee does not dispute Covey Financial is an oversecured creditor. Trustee, however, objects to Covey Financial's request for attorney's fees under § 506(b) and Rule 2016(a). Trustee argues Rule 3002.1 applies to Covey Financial's claim for fees and expenses because this is a chapter 13 case in which Covey Financial holds a claim: "(1) secured by a security interest in the debtor's principal residence, and (2) for which the plan provides that the trustee . . . will make contractual installment payments." Fed. R. Bankr. P. 3002.1(a) (West 2021). As such, Trustee contends Rule 3002.1(c) requires Covey Financial to prepare a notice using the appropriate form uploaded in the claims registry—not a fee application—to itemize all fees, expenses, and charges that is served within 180 days after the date on which the fees, expenses, and charges are incurred.

---

[1] Hereinafter, all section references shall be in referral to section 11 of the United States Code unless otherwise noted.
[2] Hereinafter, all references to the "Rule(s)" shall be in referral to the Federal Rules of Bankruptcy Procedure.

In response, Covey Financial argues Rule 3002.1 is inapplicable here because the Covey Note matures during the sixty-month Plan. Covey Financial contends it is not asking to change the monthly Plan payment; rather, Covey Financial seeks pro rata payment of its attorney's fees and costs during the Plan period after the Covey Claim is paid in full. According to Covey Financial, if any part of the Covey Claim is paid as a total debt claim, then Rule 3002.1 does not apply. Covey Financial also argues Rule 3002.1's general purpose is to put the Court, Debtor, and Trustee on notice of a change in payment on a claim secured by a debtor's principal residence in the chapter 13 context. Trustee disputes these arguments, contending the plain language of Rule 3002.1 provides that the rule applies to *all* claims in a chapter 13 case secured by a security interest in the debtor's principal residence and paid by debtor or trustee through the plan—not just to mortgage claims maturing after the life of the plan.

### LEGAL ANALYSIS

Rule 3002.1(a) provides: "[Rule 3002.1] applies in a chapter 13 case to claims (1) that are secured by a security interest in the debtor's principal residence, and (2) for which the plan provides that either the trustee or the debtor will make contractual installment payments." Fed. R. Bankr. P. 3002.1(a). Rule 3002.1 was promulgated in 2010 and "added to aid in the implementation of § 1322(b)(5)[3] . . . [because] debtor and the trustee have to be informed of the exact amount needed to cure any prepetition arrearage . . . and the amount of the post-petition payment obligations" Fed. R. Bankr. P. 3002.1 advisory committee's note to 2011 amendment. "So long as a creditor has a claim that is secured by a security interest in the debtor's principal residence and the plan provides that contractual payments on the claim will be maintained, the rule applies." Fed. R. Bankr. P. 3002.1 advisory committee's note to 2016 amendment.

---

[3] Section 1322(b)(5) permits a chapter 13 debtor to "cure" a default on his or her home mortgage, and to "maintain" payments over the course of the debtor's plan.

4

When construing a statute or Rule, the Court must "start with the plain text, and read all parts of the statute together to produce a harmonious whole." ***Doe v. KPMG, LLP***, 398 F.3d 686, 688 (5th Cir. 2005). Here, Rule 3002.1 applies to the Covey Claim because Debtor is in a chapter 13 case, the Covey Note secures a claim on Debtor's principal residence, and Debtor's Plan provides for Trustee to make contractual installment payments on the mortgage. The Court disagrees with Covey Financial's argument that Rule 3002.1(a) applies only in scenarios where the mortgage matures after the life of the Plan. Rule 3002.1's plain language does not include distinguished applicability between claims maturing during or after the Plan.

On October 29, 2020, Covey Financial filed its Fee Application requesting $2,602.60 in attorney's fees for work performed in Debtor's case from November 6, 2019 through October 28, 2020. The Fee Application was filed as a separate pleading on the docket in Debtor's bankruptcy case. Covey Financial never filed Official Form 410S2, or a request for fees and expenses in the claim register. Of the fees and expenses described in the Fee Application, only $700.00 of the fees Covey Financial requested were incurred 180 days before it filed the Fee Application. Trustee objected to Covey Financial's Fee Application because it was not submitted on Official Form 410S2 in the claims register. In addition, Trustee objected on the grounds that Covey Financial sought payment of fees incurred more than 180 days before it filed the Fee Application.

The Court reads Rule 3002.1 "as a whole in order not to render portions of it inconsistent or devoid of meaning.'" ***In re Glenn***, 900 F.3d 187, 190 (5th Cir. 2018). Rule 3002.1 includes subsection (c)[4], which states that the holder of a claim secured by a security interest in the debtor's principal residence (referred to hereinafter as "Claimholder") "*shall* file and serve on the debtor,

---

[4] The Advisory Committee Notes from 2011 indicate the postpetition fees, expenses, or charges the holder of the claim asserted under Rule 3002.1(c) "might include, for example, inspection fees, late charges, or attorney's fees." Fed. R. Bankr. P. 3002.1 advisory committee's note to 2011 amendment.

debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges . . . [that] *shall* be served within 180 days after the date on which the fees . . . are incurred." Fed. R. Bankr. P. 3002.1(c) (emphasis added). Thereinafter, Rule 3002.1(d) provides that a notice filed under Rule 3002.1(c) "*shall* be prepared as prescribed by the appropriate Official Form, and filed as a supplement to the holder's proof of claim." Fed. R. Bankr. P. 3002.1(d) (emphasis added).

When interpreting the Rules, the Court must "construe the language so as to give effect to the intent of Congress." *Hall Fin. Grp., Inc. v. DP Partners, Ltd. P'ship (In re DP Partners Ltd. P'ship)*, 106 F.3d 667, 670 (5th Cir. 1997) (citing *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 542 (1940)). The "most compelling demonstration of congressional intent is the wording of the statute." *In re DP Partners Ltd. P'ship*, 106 F.3d at 671 (citation omitted). "Use of the word 'shall' connotes a mandatory intent." *Id*. The Court finds the plain language of Rule 3002.1 sets forth mandatory procedures for a Claimholder seeking post-petition fees, expenses, or other charges. Here, Covey Financial failed to give notice of its fees, expenses, and charges by filing Official Form 410S2 in the claim registry. Because Covey Financial seeks post-petition fees and costs through the Fee Application and not pursuant to the requirements of Rule 3002.1, the Court must sustain Trustee's objection. The Court, therefore, finds Covey Financial's Fee Application shall be denied in its entirety. Covey Financial may seek fees under the procedures listed in Rule 3002.1.

## CONCLUSION

IT IS THEREFORE ORDERED that Application for Reimbursement of Fees and Expenses Pursuant to 11 U.S.C. § 506(b) and Federal Rule of Bankruptcy Procedure 2016(a) (ECF No. 37) is DENIED.

###